IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR224** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **RAYMOND L. CRAWFORD,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's objection to the magistrate judge's continued order of detention, considered as an appeal from the detention order (Filing No. 25).

## FACTUAL BACKGROUND

On October 24, 2007, the Defendant, Raymond L. Crawford, pleaded guilty to Count I of the Indictment charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The government moved for detention initially, and the issue was held in abeyance.

### *July 3, 2007, Detention Hearing*

When the issue of release became ripe, an evidentiary hearing was held before Magistrate Judge F. A. Gossett on July 3, 2007. At the hearing, the Defendant testified. It was his understanding that his Florida probation had been first transferred to Plattsmouth, Nebraska, and later terminated. (Filing No. 29 ("Tr."), at 6-7.) Yet he testified that he could not dispute the U.S. Pretrial Service officer's statement that according to Kentucky authorities his probation would not expire until August of 2007. (*Id.* at 12.) He last reported to a probation officer in 2002. (*Id.* at 6.) He has owned a company, Crawford

Seamless Gutter, in Omaha, Nebraska since 2003. (*Id.* at 7-8.) If released, he would return to the company which is engaged in the business of installing gutters. (*Id.* at 8-9.) He has rented a home in Omaha, Nebraska, for three years. He has lived there with his fiancé, who is on probation for methamphetamine charges and has been going to treatment for the last three years. (*Id.* at 8, 13, 15.) Crawford testified that he knew he would be arrested with respect to this case, yet he did not flee. (*Id.* at 10.) He testified that he has used "a little bit" of controlled substances "every so often" during the last three years, with his last use being approximately three or four weeks prior to his detention hearing. (*Id.* at 11.) He testified that if released he would undertake a drug evaluation. (*Id.* at 12.) He testified initially that he would go to outpatient treatment, and then that he would follow the recommendation of the evaluator. (*Id.* at 10-11.)

***Pretrial Services Report***

Information was obtained from the pretrial services report regarding Crawford's employment, history of residence in Nebraska and with his fiancé, his fiance's background, his criminal history that includes several felonies and offenses committed while he was on probation. The pretrial report opines that Crawford is a flight risk and a danger in light of: noncompliance with previous orders of probation or conditional release by committing new offenses; prior criminal history; and the offense charged in this case.

***Magistrate Judge's Findings and Conclusion***

Judge Gossett found Crawford to be a flight risk and a danger to the community and concluded that no condition or set of conditions could assure the safety of the community. (Filing No. 12.) Judge Gossett stated, however, that the danger prong was his primary

concern, citing Crawford's six prior felony convictions and the rebuttable presumption due to the penalty Crawford faces if convicted. (Tr., at 16-17.)

## DISCUSSION

### *The Bail Reform Act*

The danger prong of the Bail Reform Act of 1984, 18 U.S.C. §§3141-3156, is implicated when a strong probability exists that a person will commit additional crimes if released and there are no conditions of release or combination of conditions that will reasonably assure that future crimes will not be committed and, accordingly, the safety of the community is at risk. 18 U.S.C. § 3142(e). A rebuttable presumption favoring detention exists when the prosecution involves a drug crime in which the maximum sentence is ten years or more, which is the case here. 18 U.S.C. § 3142(e) & (f)(1)(C). In addition to the factors set out in 18 U.S.C. § 3142(g), other factors that may be considered by a court when determining such probability include whether the defendant engaged in drug dealing before the time period alleged in the indictment; and whether a personal characteristic, such as lack of employment, gives the defendant a reason to resume drug dealing activities.

The Court must also consider whether the Defendant is a flight risk and whether conditions of release or a combination of conditions exist that will reasonably assure the Defendant's presence at future court proceedings. *See United States v. Orta,* 760 F.2d 887, 891 (8th Cir. 1985).

***Application to Crawford's Case***

In the Defendant's appeal from Judge Gossett's detention order, the Defendant states that a bed was then available to him at the Salvation Army treatment center. Crawford has asked for release pending sentencing. (Filing No. 23.) Sentencing is scheduled for January 14, 2008. (Filing No. 19.)

Pursuant to NECrimR 46.2(c), this Court has conducted a de novo review of this matter. The Court has reviewed the record in this case, including the Pretrial Services Report and the transcript of the hearing held before Judge Gossett.

After a thorough review of this matter, this Court is primarily concerned with the following: Crawford's criminal history that includes six felonies; Crawford's previous noncompliance with orders of probation or release by committing new offenses; and the nature and circumstances of the charged offense involving the trafficking of a large amount of methamphetamine.

Sentencing is approximately six weeks from now. Crawford faces a significant amount of time and will undoubtedly be a strong candidate for programs within the Bureau of Prisons that will aid him in addressing his substance abuse problems. Given the status of his case, the applicable presumption, Crawford's criminal history, and the record in this case, the Court declines the opportunity to hold an evidentiary hearing with respect to the issue of release. The Court finds that Crawford is a flight risk and, more importantly, a danger to the community and that no condition, or combination of conditions, will assure the presence of the Defendant at future court proceedings or the safety of the community.

## CONCLUSION

This Court affirms Judge Gossett's order denying the Defendant's motion for release without a hearing. The Court finds that Crawford is a flight risk and, more importantly, a danger to the community and that no condition, or combination of conditions, will assure the presence of the Defendant at future court proceedings or the safety of the community.

IT IS ORDERED:

1. The Defendant's Appeal from the Magistrate Judge's order denying the Defendant's motion for release and request for an evidentiary hearing (Filing No. 25) is denied;

2. The Defendant's request for an evidentiary hearing is denied; and

3. The Magistrate Judge's order denying the Defendant's motion for release (Filing No. 24) is affirmed.

DATED this 30th day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge